IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 13-00653-SOM-11 |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | ORDER REQUESTING INFORMATION |
| vs. | ) | |
| | ) | |
| DONALD SEALS, | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

ORDER REQUESTING INFORMATION

Before the court rules on the merits of Donald Seals's compassionate release motion, the court would like information about any release plan Mr. Seals may have.  The court therefore asks counsel for Mr. Seals to provide the following information no later than 4:30 p.m. on Monday, June 29, 2020.  Counsel is free to obtain the information from Mr. Seals or his wife, or from any other person, but counsel should tell the court the source of any information provided.  Responses to the following questions may or may not affect this court's ruling on the compassionate release motion.

1. Is the relationship between Donald Seals and Dina Seals, nee Banks, intact?  Does Dina Seals support Mr. Seals's compassionate release motion, and is she willing to cooperate with federal probation (for example, by allowing unannounced home inspections)?

2. If this court grants Mr. Seals's compassionate release motion, will Mrs. Seals self-quarantine for 14 days

      following his return to her home and follow all applicable orders related to the pandemic issued by the State of California and by local authorities?

3. Does Mrs. Seals have any health conditions that might affect her ability to assist Mr. Seals with his medical needs? Is she herself at greater risk of complications if exposed to COVID-19? The court notes that, right before Mr. Seals was sentenced, Mrs. Seals was reportedly diagnosed with breast cancer. Does the residence allow for Mr. Seals to isolate himself from others if that is appropriate or advisable?

4. Is Mrs. Seals able and willing to support Mr. Seals financially? What will their financial circumstances be? To the extent allowed by the pandemic and any supervised release conditions this court might impose, does Mr. Seals intend to seek employment, as suggested by his motion?

5. Who else lives with Mrs. Seals in Oakland, California?

6. Does anyone in the household have any criminal background and/or pending criminal matters?

7. Are there any firearms in the residence? If so, if Mr. Seals is released early, can they be removed before his release?

8. Given the existing special conditions of supervised

        release, are Mrs. Seals and any other persons living in the residence agreeing that there will be no alcohol on the property? Do Mrs. Seals and other residents understand that the residence may be subject to searches by the probation office?

9. Will Mrs. Seals or another family member pick Mr. Seals up from Lompoc if he is released early? Will providing such transportation be permitted under applicable orders issued by the State of California and local authorities? If Mr. Seals is released early, will Mrs. Seals or other family members assist Mr. Seals with transportation to medical appointments, counseling/drug testing, meetings with probation etc.

10. If the court orders Mr. Seals released early and imposes a special condition of home confinement with location monitoring, will Mrs. Seals provide Mr. Seals with a smartphone or install a land line telephone? Can Mrs. Seals help with the cost of location monitoring?

    The court stresses that it is not here issuing any decision on the merits of the compassionate release motion. The court is hoping that the requested information will allow it to make an informed decision.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge

United States v. Seals, CRIM. NO. 13-00653 SOM; ORDER REQUESTING INFORMATION